IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, ex rel. )
ALCHEMY ASSET SERVICES, INC., )
       Plaintiff-Relator, )
        )
       vs )  Civil Action No. 10-680
        )
GLAXOSMITHKLINE CONSUMER )
HEALTHCARE, LP and )
GLAXOSMITHKLINE, LLC, )
       Defendants. )

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the defendants' motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) (Document No. 28) be granted.

II. Report:

Presently before the Court is a motion to dismiss the amended complaint submitted by the defendants. For reasons discussed below, the defendants' motion to dismiss pursuant to Rule 12(b)(6) should be granted.

The plaintiff-relator, Alchemy Asset Services Inc. ("Alchemy"), commenced this qui tam action on behalf of the United States of America and in its own name and has filed an amended complaint for false patent marking pursuant to 35 U.S.C. § 292.[1] Alchemy filed the amended complaint in response to a Court Order dated December 20, 2010, which allowed it to amend the complaint after its original complaint was subject to dismissal for failing to plead its false

---

[1] The false patent marking statute at issue, 35 U.S.C. § 292, is a qui tam statute. Vermont Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 768 n.1 (2000). "Qui tam" comes from the Latin phrase "who pursues this action on ... the King's behalf as well as his own." Id. A qui tam statute authorizes a private person, known as a "relator", to commence suit on behalf of the government and to share in any financial recovery. Id. at 769-70.

marking claim with sufficient specificity to meet the heightened pleading standard of F.R.Civ.P. 9(b).[2]

The false patent marking statute, 35 U.S.C. § 292, provides in pertinent part:

(a) …Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public ... – [s]hall be fined not more than $500 for every such offense.

(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

In the amended complaint, Alchemy contends that defendants GlaxoSmithKline Consumer Healthcare, LP and GlaxoSmithKline LLC (collectively, "GSK") engaged in false patent marking in connection with the sale and/or advertising of a product called "Fiber Choice". Specifically, Alchemy asserts that GSK marks and advertises their "Fiber Choice" product and/or product packaging with the word "patent" and one or more patent numbers, including United States Patent No. 5,087,623 ("the '623 Patent"), although the '623 Patent has expired[3]; that GSK is the sophisticated owner or assignee of at least 160 U.S. patents since 1976, and they know, as do their patent counsel, that patents have a limited duration; that GSK would have received a "ribbon" edition of the patent at issue, which reflects the date on which the patent will expire; that GSK also knew, or should have known that the '623 Patent expired when it was no longer required to pay maintenance fees on it; and that nonetheless, after the '623 Patent expired, GSK marked their "Fiber Choice" product or packaging with the word "patent" or the '623

---

[2] See, Report and Recommendation dated November 16, 2010 (Document No. 19), which was adopted as the opinion of the Court per Order dated December 20, 2010 (Document No. 25).

[3] According to the amended complaint, the '623 Patent was issued on February 11, 1992 and expired on March 21, 2009.

Patent number, and they did so with intent to deceive the public. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1355(a).

In response to the amended complaint, GSK has moved to dismiss it on several grounds. First, GSK argues that the amended complaint should be dismissed pursuant to Rule 12(b)(6), as it does not satisfy the pleading requirements of F.R.Civ.P. 8(a) or 9(b). GSK also asserts that the case should be dismissed because the false patent marking statute violates the "Take Care" clause of Article II of the United States Constitution, as it gives a private party (such as Alchemy) the powers of the Executive Branch to sue on the Government's behalf without affording the Executive Branch sufficient control over the suit.[4]

Regarding GSK's motion to dismiss pursuant to Rule 12(b)(6), we agree that the amended complaint fails to meet the heightened pleading standard of Rule 9(b). In reviewing a Rule 12(b)(6) motion to dismiss, the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC, 578 F.3d 203, 210-11 (3d Cir. 2009), citing Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949 (2009). The court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211, quoting Ashcroft, 129 S.Ct. at 1950. Importantly, "a complaint must do more than allege the plaintiff's entitlement to relief"; it "has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211, citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). A pleading that only proffers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[4] In response to the defendants' constitutional challenge to the false patent marking statute, the United States -- pursuant to F.R.Civ.P. 5.1(b) -- sought to intervene in this case to defend the constitutionality of the statute. By Order dated January 26, 2011, the Court granted the United States' request to intervene in this action, and on January 28, 2011, the United States submitted a brief defending the constitutionality of 35 U.S.C. § 292.

The two elements of a false marking claim are: (1) marking an unpatented article, (2) with an intent to deceive the public. Forrest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009). As to the false marking element, an article marked with an expired patent number is "unpatented" and falsely marked. Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361-62 (Fed Cir. 2010). Alchemy properly pleads this element in its amended complaint at ¶¶ 43-45.

With respect to the "intent to deceive" element, it is clear that the heightened pleading standard of Rule 9(b) applies to a false marking claim. In re BP Lubricants USA Inc., -- F.3d --, 2011 WL 873147, *1, (Fed.Cir., March 15, 2011). Thus, "a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." Id. at *1. Instead, to comport with Rule 9(b)'s particularity requirement, a § 292 complaint must "provide some *objective indication* to reasonably infer that the defendant was aware that the patent expired." Id. at *3 (emphasis added). Also see, Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed.Cir. 2005) ("Intent to deceive, while subjective in nature, is established in law by objective criteria. Thus, 'objective standards' control and the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.").

Here, Alchemy's amended complaint is devoid of facts from which the Court may reasonably infer that GSK intended to deceive the public. Under Rule 9(b), "knowledge" and "intent" may be alleged generally, but the pleadings must set forth sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind. Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326-27 (Fed.Cir. 2009). For instance, knowledge of a patent's invalidity may be inferred where a defendant is said to have sued a third

4

party for infringement of the patent after it expired, or made multiple revisions of the marking after expiration of the patent. U.S. ex rel. Heathcote Holdings Corp., Inc. v. Helen of Troy, LTD, 2011 WL 1465445, *1 (N.D.Ill., April 18, 2011), citing BP Lubricants, 2011 WL873147 at *4. Likewise, where a defendant is said to have been involved in prior litigation to enforce a patent, "[s]uch litigation is an 'objective indication' which at the pleading stage allows the Court to reasonably infer that the defendant was aware that the patent expired". Public Patent Foundation, Inc. v. GlaxoSmithKline Consumer Healthcare, Inc., 2011 WL 1142917, *2 (S.D.N.Y., March 22, 2011) (citing cases). Also see, Hollander v. B. Braun Medical, Inc., 2011 WL 1376263, *4 (E.D.Pa., April 12, 2011) ("Accepting as true the allegation that the defendant revised its packaging after this suit was filed, and yet failed to remove the expired patent markings, the Court could infer that the defendant intended to deceive the public.").[5]

Unlike these cases which provide some objective indication to infer that a defendant acted with a fraudulent intent, Alchemy's amended complaint fails to set forth facts showing that GSK falsely marked their product with intent to deceive the public. Instead, Alchemy alleges in conclusory fashion that GSK knew or should have known that the patent expired, because it "is a sophisticated company with decades of experience applying for, prosecuting ... and litigating patents" (Amended Complaint at ¶ 10); it employs "numerous patent attorneys" who have "actual knowledge that patents are subject to a specific, limited term" (Id. at ¶ 29); and "[e]ach time the United States has issued a patent to [GSK], it has published and delivered a 'ribbon' edition of the patent, which expressly reflects the date on which the patent will expire" (Id. at ¶ 24).

---

[5] Also see, U.S. ex rel. FLFMC, LLC v. Ebsco Industries, Inc., 2011 WL 818795 (W.D.Pa, Jan. 28, 2011), where we recommended that a motion to dismiss a false marking claim pursuant to Rule 12(b)(6) be denied, as the defendants allegedly had notice that certain patents expired, after which they established new manufacturing facilities and utilized new molds that continued to imprint the expired patent numbers. Id. at *1. This recommendation was adopted by the Court in an Order dated March 2, 2011. U.S. ex rel. FLFMC, LLC v. Ebsco Industries, Inc., 2011 WL 808815 (W.D.Pa., March 2, 2011).

5

In BP Lubricants, the Federal Circuit Court of Appeals made clear that asserting in a complaint that a defendant is a "sophisticated company" with "experience applying for, obtaining, and litigating patents" is not enough under Rule 9(b). 2011 WL 873147, at *4. Indeed, "[t]hat bare assertion provides no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired. Conclusory allegations such as this are not entitled to an assumption of truth at any stage in litigation." Id., citing Ashcroft, supra, 129 S.Ct. at 1952. Also instructive is Baker v. Pfizer, Inc., 2011 WL 1211671 (W.D.Tenn., March 28, 2011), where the Court granted a motion to dismiss a § 292 complaint for failure to state a claim. In Baker, the complaint alleged the following facts: "(1) that the patents at issue are all expired; (2) that Defendants continue to label their products with the expired patent numbers; (3) that Defendants are a sophisticated multi-national company with many years of experience employing in-house legal counsel; (4) that Defendants must know that patents do not endure indefinitely; and (5) that Defendants knew the patents at issue were expired." Id. at *4. Based on these allegations, the Court held that the plaintiff "failed to allege facts to support an inference that Defendants acted with the intent to deceive the public." Id.

The rationale for these rulings is clear. As stated in BP Lubricants:

> Permitting a false marking complaint to proceed without meeting
> the particularity requirement of Rule 9(b) would sanction discovery
> and adjudication for claims that do little more than speculate that
> the defendant engaged in more than negligent action.

2011 WL 873147, at *2.

Here, Alchemy has not presented sufficient facts from which the Court can reasonably infer that GSK intended to deceive the public. As such, the amended complaint fails to satisfy Rule 9(b)'s heightened pleading standard.

Therefore, it is recommended that the defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6) (Document No. 28) be granted.[6]

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing written objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal. Any party opposing written objections shall have seven (7) days from the date of service of objections to respond to them.

                                         Respectfully submitted,

                                         s/ ROBERT C. MITCHELL
                                         United States Magistrate Judge

Dated: May 3, 2011

---

[6] Based on our finding that the amended complaint fails to state a cognizable claim, we do not address GSK's alternate argument that the false patent marking statute violates the "Take Care" clause of Article II of the U.S. Constitution.